## ORIGINAL

# United States District Court

## SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

V.

MATTHEW OHLMANN

## CRIMINAL COMPLAINT

CASE NUMBER: 4:11-mj-0007

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about May 25, 2010 through March 3, 2011 in Jefferson County, in the Southern District of Indiana defendant did, (Track Statutory Language of Offense)

receipt and possession of visual depictions of actual minors engaged in sexually explicit conduct

in violation of Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B). I further state that I am a Special Agent and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

_____
Special Agent Kerry Reifel

**Sworn to before me, and subscribed in my presence**

March 3, 2011
**Date**

at Indianapolis, Indiana
**City and State**

Kennard P. Foster, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

_____
**Signature of Judicial Officer**

## AFFIDAVIT

I, Kerri L. Reifel, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state as follows:

## INTRODUCTION

1.       I have been employed as a Special Agent of the FBI for eight and half years. I am currently assigned to the Indianapolis Cyber Crime Task Force.   While employed by the FBI, I have investigated federal criminal violations related to crimes against children, including parental kidnappings, non-familial child abductions, high technology crimes, Cyber crimes, child exploitation, and child pornography.

2.       I have attended multiple crimes against children conferences over the past eight years and have taken certification courses as it relates to the online sexual exploitation of children.   I am a certified child forensic interviewer and have been certified to work undercover on various matters as it relates to crimes against children involving the internet.   I am also a member of the Indiana Internet Crimes Against Children Task Force, which includes numerous federal, state and local law enforcement agencies.

3.       As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4.       What follows are the facts that I believe are necessary to establish probable cause to believe that **Matthew Ohlmann** has violated, or attempted to violate, Title 18, United States Code, Sections 2252(a)(2)(receiving child pornography be means of a computer) and Title 18, United States Code, Sections 2252(a)(4)(B) (possessing child pornography be means of a computer).

5.     The facts set forth herein are either personally known to me or have been told to me directly by law enforcement officers and others with whom I have worked on this case.   I have not included in this affidavit each and every fact known to me concerning this investigation.

## BACKGROUND OF THE INVESTIGATION

6.     On May 26, 2010, FBI's Innocent Images Operations Unit (IIOU) was contacted by Special Agent Leland McEuen from the FBI Seattle Division, Spokane Resident Agency (RA), regarding an investigation conducted by himself and Grant County Sheriff Detective MB Messer.   The National Center for Missing and Exploited Children's CyberTip program stated that an adult female offered an eight years old relative for sex and sent a prepubescent vaginal photograph via the Internet to the complainant's friend, who lived in Europe.   An investigation was conducted and the adult female, hereinafter TARGET 1, confessed.   The investigators determined that TARGET 1 molested and produced child pornography images of the 8 year old relative (Girl 1), as well as another 6 year old relative (Boy 1) and a friend's one month old baby.   TARGET 1 transmitted the molestation(s) via WebCam over the Internet to individuals listed in her YAHOO! Instant Messenger "friends" list.

11.     On July 26, 2010, TARGET 1 was arrested by the Grant County Sheriff's office.   The FBI Seattle Division is currently working on federal charges.

12.     SA McEuen provided the affiant with saved videos of child sex shows produced by TARGET 1 to further the investigation of other persons who received this material.   TARGET 1 produced several shows with her victims.

13.     AN IIOU UC agent accessed the electronic mail in an instant messenger account used by TARGET 1 bearing Username 1, which is a pseudonym of the actual name known to the affiant.   The UC agent's reviews of this account resulted in the discovery of a list of TARGET 1's "friends" in her YAHOO! Instant messenger account.

14.     The Yahoo! User account, sailin_captain, has been identified as one of many users who chatted with TARGET 1 and received child pornography (CP) from her.   I have read a recovered log file of this chat session and it shows explicit discussions of sexual activities between the participants and minor children.

15.     The chat session on May 25, 2010 between TARGET 1 and sailin_captain included an explicit account of TARGET 1's molestation of Girl 1.   Sailin_captain also discussed his molestation of two female relatives, Girl 2 and Girl 3.   Sailin_captain stated that he started molesting Girl 2 when she was 7 years old.   He stated that this conduct helped him to become interested in Girl 3, who was younger than Girl 2.   Sailin_captain expressed an interest in seeing TARGET 1 and Girl 1 engaging in sexually explicit conduct over a webcam and received images files provided by TARGET 1.

16.     Your affiant also reviewed the files TARGET 1 sent to sailin_captin.  A brief description of these files is provided below.   These file consistent of nude or partially images of Girl 1 when she was approximately 8 years old.   The files described in subparagraphs a, b, d, and depict Girl 1 engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256.

a.     **Picture 11.jpg**: This is image file depicts a prepubescent female (Girl 1) wearing a blue shirt only, exposing her vagina as the focal point of the picture.

b.      **Picture 12.jpg**: This image file depicts a prepubescent female (Girl 1) wearing a blues shirt only, exposing her vagina with a hand opening her vagina.

c.      **Picture 13.jpg**: This image file depicts a prepubescent female (Girl 1) with a blue shirt raised up exposing her face and nipples.

d.      **Picture 14.jpg**: This image file depicts a prepubescent female (Girl 1) with a blue shirt raised up exposing her face and nipples with her legs spread and bent up towards her chest.

e.      **Picture 15.jpg**: This image file depicts a prepubescent female (Girl 1) with her legs spread, exposing her vagina.

f.      **JPEG_332.jpg**: This image file depicts a prepubescent female (Girl 1) standing next to a bed, turned sideways with her hands on her hips, wearing only panties.

17.      On March 3, 2011, a federal search warrant was executed at 1117 Stonelilly Drive, Jeffersonville, Indiana, 47130.   During the search at the residence, your Affiant and Kokomo Police Department (KPD) Detective Donald Whitehead, interviewed Mathew Ohlmann, who admitted that he was involved in the chat with Target 1.   We discussed the content of the chat with Target 1 with Ohlmann, who admitted using the one of the usernames in the chat log.   He claimed that did not remember the specific chat, but he admitted that he recognized one of the images sent during the chat when we showed him that image.   He also admitted using the name sailin_captain and the associated email address of Name 1@yahoo.com.

18.     Ohlmann admitted to chatting with other persons on the internet a couple of times per week.   He has been chatting for approximately 10 years.   Ohlmann admitted to obtaining child pornography from the internet.   He claimed that he started doing this about 3 to 4 years ago.   He obtained child pornography through peer-to-peer networks by typing specific terms and looking at the results.   He claimed that he made up his prior statements about molesting his relatives in the chat with Target 1 and claimed that he had not engaged in this behavior.   He said he previously used an older desktop computer in his residence to obtain child pornography and that he chatted on his work laptop computer. He also admitted storing images of child pornography a thumbdrive, which was found in his bedroom.   While initially denying this, he eventually admitted sending child pornography to other persons through the Internet.

19.     During the search, Kokomo Police Detective Jeff Catt recovered two computers and one thumb drive that were found to contain child pornography during a limited onscene triage of the evidence.   The victims in the child pornography were generally between ages 10 and 12, with at least one image of a child aged 4 to 5 years old. The sexually explicit conduct in the images included actual or simulated oral intercourse and/or a lascivious exhibition of the genitals or pubic area of the minor.   The computer also showed that Ohmann received child pornography through Yahoo! Messenger software, which can be used to engage in online chat and trade file through a file sharing feature.   The older desktop computer also contained evidence showing that Limewire

software was previously used to attempt to obtain child pornography images and videos from the Internet.   The computers and thumbdrive were not manufactured in Indiana.

KERRI L. REIFEL
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this 3rd[th] day of March, 2011.

Kennard P. Foster
United States Magistrate Judge